IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LARRY DALE JOHNSON,
    Plaintiff
    v.
MICHAEL CASH, D.O.,
    Defendant

:
:
:Case No. 3:11-cv-158-KRG-KAP
:
:

## Order, Report and Recommendation

### Order and Recommendation

After the dismissal of his amended complaint, plaintiff Johnson filed a motion for extension of time to file a post judgment motion, docket no. 15, and a motion for reconsideration, docket no. 16. The motion for extension of time, docket no. 15, is granted. The motion for reconsideration, docket no. 16, should be denied.

### Report

Johnson, briefly an inmate at Loretto between June and October 2011, filed a proposed <u>Estelle v. Gamble</u>/<u>Carlson v. Green</u> complaint against defendant Cash that I screened and found insufficient. I granted leave to amend in accordance with <u>Grayson v. Mayview State Hospital</u>, 293 F.3d 103 (3d Cir.2002). Plaintiff was transferred to Fort Dix, New Jersey. Plaintiff amended his complaint, docket no. 9, adding defendant Krepps, but the amended complaint was also inadequate. The court dismissed the complaint. Plaintiff then filed the two motions mentioned above.

Plaintiff's fundamental misconception throughout has been to equate his dissatisfaction with medical care with allegations permitting an inference that a defendant acted wrongfully. In his

motion for reconsideration, plaintiff submits 97 pages of medical records (and grievances) from Loretto, and from previous and subsequent institutions, and asserts that the court should "take judicial notice of [it as containing] sufficient factual matter to state a claim for relief." Even if a Rule 59 motion were for the purpose of giving a litigant a do-over, Rule 8 does not permit a litigant to send in a sheaf of medical records and expect the court to accept them as a statement of a claim against the two named defendants. Nevertheless I have read the records, and I can see no hint of misconduct on the part of these two defendants, nor any allegation of harm to plaintiff as a result of any treatment decision at Loretto or anywhere else. Disregarding all standards of review and procedural hurdles, the motion for reconsideration is meritless and should be denied.

Pursuant to 28 U.S.C.§ 636(b)(1), the plaintiff is given notice that he has fourteen days to serve and file written objections to this Report and Recommendation.

DATE: 10/1/12

Keith A. Pesto,
United States Magistrate Judge

Notice by U.S. Mail to:

Larry D. Johnson Reg. No. 65400-065
Fairfield Facility
500 Union Avenue
Fairfield, CA 94533

2